GPM Chiropractic, P.C. v MVAIC (2020 NY Slip Op 51301(U))

[*1]

GPM Chiropractic, P.C. v MVAIC

2020 NY Slip Op 51301(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-915 Q C

GPM Chiropractic, P.C., as Assignee of
Guillermo Hernandez, Appellant, 
against
MVAIC, Respondent. 

Law Office of David O'Connor, P.C. (David O'Connor of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A.
Catapano-Fox, J.), entered May 29, 2018. The order, insofar as appealed from, granted the
branch of defendant's motion seeking to toll the accrual of no-fault statutory interest based upon
plaintiff's delay in the prosecution of the action to the extent of tolling that interest from April 27,
2003 "until the [n]otice of [t]rial is duly filed."

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action in 2002 to recover assigned first-party no-fault benefits for
services allegedly rendered in 2000. The record demonstrates that issue was joined in 2003 and
that plaintiff served discovery demands on March 28, 2003. By notice of motion returnable
October 20, 2017, defendant moved to stay the accumulation of interest from March 13, 2003
through "the present, and up to such time as a notice of trial is validly filed with the Clerk,"
vacate the notice of trial and strike the matter from the trial calendar, and preclude plaintiff from
obtaining further discovery. Plaintiff appeals from so much of an order of the Civil Court entered
May 29, 2018 as granted the branch of defendant's motion to toll the accrual of interest to the
extent of tolling interest from April 27, 2003 "until the [n]otice of [t]rial is duly filed."
Once a no-fault action has been commenced, statutory interest accumulates "unless the
applicant unreasonably delays the . . . court proceeding" (11 NYCRR 65.15 [h], now 11 NYCRR
65-3.9 [d]). In this case, in which no notice of trial has been properly filed, the Civil Court
commenced the toll of interest when plaintiff could have moved to compel defendant to provide
discovery. Plaintiff's argument on appeal, that it was defendant which had unreasonably delayed
the action by failing to serve a response to plaintiff's discovery demands, is without merit (see
Vitality Chiropractic, P.C. v Countrywide Ins.,59 Misc 3d 150[A], 2018 NY Slip Op
50838[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Kew Gardens Med
& Rehab, P.C. v Country-Wide Ins. Co.,52 Misc 3d 143[A], 2016 NY Slip Op
51240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the order, insofar as appealed from, is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020